# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0350-18T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

SHAMIR MODESTIN,

    Defendant-Appellant.

_____

Submitted May 4, 2020 – Decided May 18, 2020

Before Judges Fasciale and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 12-03-0490.

Joseph E. Krakora, Public Defender, attorney for appellant (Durrell Wachtler Ciccia, Designated Counsel, on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Stephanie Davis Elson, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant appeals from a July 27, 2018 order denying his petition for post-conviction relief (PCR). Defendant maintains that his plea counsel rendered ineffective assistance. Judge Patrick J. Arre rendered a comprehensive decision with which we substantially agree.

On appeal, defendant argues:

POINT I

THE [PCR JUDGE] ERRED IN DENYING . . . DEFENDANT'S PETITION FOR [PCR] WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION FROM [PLEA] COUNSEL.

A. THE PREVAILING LEGAL PRINCIPLES REGARDING CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL, EVIDENTIARY HEARINGS AND PETITIONS FOR [PCR].

B. [DEFENDANT] DID NOT RECEIVE ADEQUATE LEGAL REPRESENTATION FROM [PLEA] COUNSEL AS A RESULT OF HIS INABILITY TO CONTINUE TO PAY HIS COUNSEL ADDITIONAL FUNDS IN THE PROCEEDINGS.

We conclude defendant's arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons set forth by the judge in his well-reasoned decision. We add the following brief remarks.

2

A defendant is entitled to an evidentiary hearing only when he "has presented a prima facie [case] in support of [PCR]," meaning that a defendant must demonstrate "a reasonable likelihood that his . . . claim will ultimately succeed on the merits." State v. Marshall, 148 N.J. 89, 158 (1997) (first alteration in original) (quoting State v. Preciose, 129 N.J. 451, 462 (1992)). To obtain relief based on ineffective assistance grounds, a defendant must demonstrate not only that counsel's performance was deficient, but also that the deficiency prejudiced his right to a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey, now known as the Strickland/Fritz test). Defendant failed to meet this standard warranting an evidentiary hearing; he has not established a prima facie case of ineffectiveness, but instead made unsupported bald assertions.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

3